UNITED STATES, Appellee,

v.

Calvin STEWART, Defendant–Appellant.

No. 02–1554.

United States Court of Appeals, Second Circuit.

July 28, 2003.

Brendan White, New York, NY, for Defendant–Appellant.

Jeffrey Goldberg, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern

District of New York (Cecil C. Scott and Carolyn Pokorny, Assistant United States Attorneys, on the brief), for Appellee.

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Calvin Stewart was convicted in the United States District Court for the Eastern District of New York (Ross, *J.*) following a bench trial on stipulated facts for possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 77 months' imprisonment, which he is now serving, and three years of supervised relief. In this appeal, he challenges the denial of his motion to suppress a handgun found by a police officer during a stop and frisk, *see Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). He argues that the district court's determination that reasonable suspicion existed was based on clearly erroneous factual findings. In particular, Defendant contends that the district court erred in crediting the testimony of the police officer who conducted the stop and frisk.

On appeal, the district court's determination on reasonable suspicion is reviewed *de novo,* while the findings of fact supporting that determination are reviewed for clear error. *United States v. Bayless,* 201 F.3d 116, 132 (2d Cir.2000). Moreover, where, as here, the district court's factual findings are premised upon credibility determinations, we grant "particularly strong deference" to those findings. *United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (stating that a district court's choice between two coherent and facially plausible witness accounts, which are not contradicted by extrinsic evidence, can virtually never constitute clear error). Having carefully reviewed the record before us, we conclude that the district court's decision to credit those elements of the police officer's testimony that were necessary to a finding of reasonable suspicion was not clearly erroneous.

We have considered all of Defendant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.